Stacker *v.* Railroad.

---

STACKER    *v.*    RAILROAD.

(*Nashville.*    February  16,  1901.)

1. ASSIGNMENT OF ERROR.    *Insufficient, when.*

Assignment of error on account of exclusion of evidence is insufficient when it fails to cite the pages of the record where the questions and proposed answers may be found.  (*Post, p. 451.*)

2. SUPREME COURT.    *No reversal for exclusion of evidence, when.*

This Court will not reverse on account of the lower Court's refusal to permit a witness to answer a competent and relevant question, unless it appears affirmatively in the record what answer the witness would have made, and that such answer would have constituted relevant and material evidence.  It is not sufficient for counsel merely to say that he expected the witness to prove other facts.  (*Post, pp. 451, 452.*)

3. SAME.    *No reversal for admission of evidence, when.*

This Court will not reverse on account of the admission of incompetent evidence, unless the record shows that proper exception was made in the lower Court.  (*Post, p. 452.*)

4. CHARGE OF COURT.    *Refusal of request proper, when.*

Court's refusal to charge a correct request is not reversible error where the matter has been fully covered by the original charge.  (*Post, pp. 452, 453.*)

5. VERDICT.    *Not set aside, when.*

A verdict will not be set aside for want of evidence to support it where the theory of each party was supported by evidence,

Stacker *v.* Railroad.

and the question for the jury to determine was where the weight of the evidence lay. (*Post, pp. 453, 454.*)

---

### FROM MONTGOMERY.

---

Appeal in error from Circuit Court of Montgomery County. W. M. BRANDON, Sp. J.

FORT & SCALES for Stacker.

LEECH & SAVAGE for Railroad.

WILKES, J. This is an action for damages for personal injuries. It was brought by an infant through his next friend. There was a trial before a jury in the Court below, and a verdict and judgment for the defendant, and plaintiff has appealed and assigned errors.

The second, third, fourth, and fifth assignments are to the refusal of the Court to allow a certain line of testimony to show the habit and custom of the defendant, and the general conduct of the employees of the road toward children, and their conduct toward plaintiff on previous occasions. The pages of the record where this evidence is to be found, and exceptions made to the ruling of the Court thereon, are not given, so that the assignment does not comply with the rules. Looking to the record, however, we find

several instances where such evidence was offered and disallowed, but in none of the instances does it appear what the witness would have stated if allowed to answer the questions. It is true that counsel in making his exceptions said that he expected the witness to state further facts, but whether the witness would have met these expectations of counsel does not appear. These assignments, therefore, for both reasons stated, cannot be considered. But in addition it appears that plaintiff, Geo. Stacker, was allowed to prove that he had been often called upon to help turn the engine by the employees of the road. So that this testimony, though incompetent, did get into the record.

It is said that the Court erred in allowing third persons to state what the boy's mother said to him soon after he was hurt, to the effect that she had warned him to keep away from the turntable, and that he was hard-headed. The pages where this testimony is to be found are not given, but in examining the record we find that two or more witnesses were asked as to these statements made by the mother, but no exceptions were made to the questions or answers so far as we can see from the record; and for these reasons this assignment is not well made.

It is said the Court erred in not charging the jury that a minor is only chargeable with negligence to a degree equal to his capacity for dis-

cerning danger. It does not appear that the trial Judge was asked to charge this language. He did charge upon the feature of the case presented by this request, and as we think correctly, and there is no error in this assignment.

It is said there is no evidence to support the verdict. The plaintiff was a boy about twelve years of age. His foot was caught at a turntable and slightly injured. His version is, that he was called by the employees of the road to come to the turntable and assist in pushing the engine around. In this he is corroborated by two other boys about his age, and who it appears were with him. On the contrary, three of the company's employees, who were present and handling the engine, state that they did not see the boys there; that they were not called or invited to come to the turntable, and if they were there they were so concealed as not to be seen.

It appears from the proof that these and other boys had often been warned away from this turntable by employees of the road, and told that it was dangerous, and the evidence tends to show that they kept themselves out of sight of the employees on this occasion, and were not seen until the accident occurred.

There were two theories of the case presented to the jury: one that the boys were invited or told to come to the engine and help to push it, by the railroad employees, and plaintiff was hurt

while so doing, and the other is that the boys were often warned to stay away from the turn-table, and were present on this occasion without the knowledge of the railroad employees. Both theories were supported by some evidence. The jury has given credit to that of the road, and there is evidence to sustain it, and the judgment of the Court below is affirmed with costs.