JOHN FERGUSON *v.* STATE.

(*Jackson,* April Term, 1933.)

Opinion filed June 17, 1933.

CRAIG & DURHAM, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This was a conviction for malicious shooting. The technical record only is here on this appeal, and the sole ground of complaint is that the trial Judge sustained a motion of the State to strike from the motion of defendant for a new trial and refused to hear or consider the 6th ground thereof, reading as follows:

"6. The defendant shows to the Court that he was not tried by a jury of twelve good and lawful men and that E. M. Miller was one of the jurors in this case and that the said E. M. Miller was a regular juror in this court and stated upon his *voir dire* or preliminary examination testing his qualifications as a juror, that he had not formed or expressed an opinion as to the guilt or innocence of the defendant and that he could give the defendant a fair and impartial trial, when as a matter of fact, the said E. M. Miller had discussed this case and the defendant's guilt prior to his said examination and he had formed and expressed an opinion as to the defendant's guilt and was biased, prejudiced and unqualified juror, not competent to sit on the jury in this case.

"All of this was unknown to the defendant and his attorney at the time the said E. M. Miller was accepted as a juror and was not learned until after the conclusion of the trial and the verdict of the jury had been rendered.

"The defendant offers the testimony of the witness in open court whom he here and now tenders to the Court to show the truth of the above statement."

The following recital appears on the Minutes of the Court, immediately following the motion for a new trial: "Upon the hearing of said motion for a new trial, the State moved to strike from the motion and record the sixth ground of said motion for a new trial because the same did not notify the state in what particular the juror was not qualified or was a prejudiced juror and was not supported by affidavit and the court sustained said motion and struck said ground from the motion and record, to which defendant excepted. The Clerk, however, will copy said ground as a part of the transcript on appeal.

After the said sixth ground was stricken it was not considered by the court in hearing the motion.''

It is plausibly urged that this motion did give notice of in what particular the juror was not qualified or was a prejudiced juror, and that, instead of an affidavit, the defendant offered the testimony of the witness in open Court to support the allegations of the motion, and this was a sufficient compliance with the general rule and accepted practice.

■ It is generally held that in a motion for a new trial the grounds relied on must be specified with reasonable certainty, so as to advise the Court and opposing counsel of the error or irregularity relied upon, and in order that the Appellate Court may see that the attention of the trial court was directed to the point in order that he may have had an opportunity to consider and pass on it. In *Railroad* v. *Johnson,* 114 Tenn., 632, the subject was fully discussed, and the form of motion there considered held inadequate. MR. JUSTICE SHIELDS therein said that, ''the grounds set out in the motion should be as specific and certain as the nature of the error complained of will permit;'' and, ''if it be for misconduct of the opposite party or that of the jury, the facts constituting it should be stated.'' And see *Kerr* v. *Raines,* 148 Tenn., 501.

■ We are of opinion that the motion was sufficiently specific under the rule. It named the juror and charged that he had formed and expressed an opinion as to defendant's guilt and was prejudiced and biased, and, therefore, unqualified and incompetent, and that he had stated to the contrary on his examination for service on the jury; and that this was unknown to defendant and his attorney until after the trial and verdict. Details of the evidence proposed to be offered are not necessary to

be set forth in the motion. A statement of the grounds, in this case, a condensed statement of the misconduct of the named juror, is all that would seem to be required.

 Counsel for the State suggest (1) that the record shows that the motion "was not supported by affidavit nor were there any witnesses offered." The motion shows that, "the defendant offers the testimony of the witness in open Court whom he *here* and *now* tenders to the Court to show the truth of the above statement." When met by the Court's action in striking the motion and refusing to hear or consider the matters presented thereby, what more could counsel for defendant do?

However, counsel for the State say, (2), that this Court will not reverse because there is no bill of exceptions here and no showing of prejudicial error, in that the rejected evidence offered on the motion has not been preserved, by analogy to the rule applied when testimony has been excluded on the trial and not brought up in the record for the examination of the Appellate Court and consideration of its materiality, etc.

 An exception to this general rule is well recognized, appearing to have application to the case now before us, when, on the trial the Court excludes an entire line or character of testimony, declining to permit to be introduced, or to consider, any testimony directed toward a given issue, because not within the pleadings, or otherwise generally inadmissible. In such a situation, preservation and presentation to the Appellate Court of the details of the evidence offered is not rquired for obvious reasons. Assuming that the motion in question stated a legal ground of complaint and for relief, which we think must be granted, then the action of the trial Judge in striking it out and refusing to consider it made

it unnecessary, under the above ·exception to incorporate and preserve the proposed testimony. With the grounds —the foundation—stricken, nothing was left on which to base evidence. Relief was denied defendant, not because his testimony would not sustain his charge, but because, by analogy to a demurrable pleading, his charge was insufficient. In *Railroad* v. *Hunton,* 114 Tenn., 609, 627, the exception above noted was announced as follows:

"It is insisted by counsel for the defendants in error that the above matter is not presented in such way that the court can consider it, for the reason that the record fails to show what the answer of the witness would have been. We adhere strictly to the rule referred to as declared and illustrated in *Shugart* v. *Shugart,* 3 Cates, 179, 185; *Stacker* v. *Railroad,* 106 Tenn., 450, 61 S. W., 766; *Weeks* v. *McNulty,* 101 Tenn., 495; 48 S. W., 809, 43 L. R. A., 185, 70 Am. St. Rep., 693; *Insurance Co.* v. *Scales,* 101 Tenn., 628, 49 S. W., 743; *Truslow* v. *State,* 95 Tenn., 199, 31 S. W., 987; *R. R.* v. *Stonecipher,* 95 Tenn., 315, 32 S. W., 208; *Pearce* v. *Suggs,* 85 Tenn., 724, 4 S. W., 526. But it does not apply where the circuit judge rules out an entire line of competent evidence, or refuses to hear any examination thereon, just as it does not apply when he holds that a witness is incompetent, and refuses to hear him at all."

And see *Conlee* v. *Taylor,* 153 Tenn., at page 519.

A wide discretion is vested in the trial Judge in passing on motions for new trials, but we are of opinion that, when a motion reasonably states grounds which, if established by testimony, would call for a new trial, and tenders witnesses, the defendant should be permitted to have this testimony considered by the Court. Reversed and remanded.