CITY OF NASHVILLE *v*. MARY DRAKE.

(*Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

(1)

2

CHARLES G. BLACKARD, of Nashville, for plaintiff in error.

WM. THOMAS McHUGH, and GLENDON M. FISHER, JR., of counsel, both of Nashville, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Certiorari has been granted, oral argument heard, and we now dispose of the case.

This action was brought by Mary Drake against the City of Nashville acting through its Electric Power Board called the Nashville Electric Service, to recover damages for injuries alleged to have been caused her by defendant's negligence in driving its automobile into a collision with the automobile in which she was riding with her daughter who was driving.

There was a verdict and judgment for the plaintiff for $750, from which the defendant appealed in error to the Court of Appeals, assigning several errors, only one of which is necessary to be here considered for the reason that the judgment of the Court of Appeals affirming that of the Trial Court will have to be reversed for reasons to be hereinafter stated.

The determinative and material assignment of error here, which was made a ground for the motion for a new trial and was assigned as error in the Court of Appeals, arises out of the following situation.

After the plaintiff had testified on direct examination that she and her daughter were in the automobile belonging to her son, on their way to the Grand Central Food Market when the collision occurred, she was then asked on cross-examination if she had an equal right with her daughter to direct and govern or determine the move-

ments of the car with reference to whether she and her daughter, Hattie Gore, would go to the Grand Central Food Market or elsewhere to purchase groceries. She replied, "Yes, sir. Sometimes we go to the Grand Central Food Market and sometimes some where else, but most of the time to the Grand Central Food Market." As further reflected by the narrative bill of exceptions, the plaintiff made no objection to the question and answer, but the Court asked counsel for the defendant what he intended to do by this line of questioning. Counsel for defendant answered that he proposed to prove that Hattie Gore and plaintiff were on a joint enterprise or joint venture. Whereupon, without any other evidence on the question, the Court ruled that that was not a joint enterprise case and refused to permit counsel for the defendant to ask any further questions to prove that plaintiff and her daughter were on a joint enterprise or joint venture at the time of the accident. Counsel for defendant then stated to the Court that if permitted to interrogate the witness on the proposition of joint enterprise the defendant would prove by this witness than she and Hattie Gore, the driver of the car, were on a joint enterprise. The Court again stated that this was not a joint enterprise case and ordered counsel for defendant to get off that line of questioning and go on with some other line of questioning. Defendant excepted and the same was overruled.

Counsel then attempted to show by testimony of the daughter, Hattie Gore, on cross-examination of course, that the two of them were on a joint enterprise. The Court refused to permit counsel for defendant to attempt to make such proof by this witness and again stated that this was not a joint enterprise case, and again ordered counsel for defendant to get off that line of questioning

and to get on some other line. Exceptions to same were overruled.

Counsel for defendant did not request of the Court that he be permitted to preserve this offered testimony by an examination of these witnesses outside of the presence of the jury and said offered testimony is not preserved in the bill of exceptions.

The Court of Appeals was of opinion that this situation falls within the general rule that there will be no reversal for the Trial Judge's refusal to permit a witness to answer questions put to him, unless the bill of exceptions shows what his answer would have been if permitted, and that they would have constituted competent and material evidence, citing *Railroad* v. *Stonecipher,* 1895, 95 Tenn. 311, 315, 32 S. W. 208, and *Stacker* v. *Louisville & N. Railroad Co.,* 1901, 106 Tenn. 450, 61 S. W. 766.

The Court of Appeals opinion makes no reference to the above referred to question which was asked the plaintiff on cross-examination and her response thereto.

The defendant relies on *Union R. Co* v. *Hunton,* 1905, 114 Tenn. 609, 88 S. W. 182, which declared an exception to the above rule, and *Ferguson* v. *State,* 166 Tenn. 308, 61 S. W. (2d) 467, in which such exception was applied.

The Court of Appeals quoted from the Hunton case which stated the exception, these words:

"But it (the rule) does not apply where the circuit judge rules out an entire line of competent evidence, or refuses to hear any examination thereon, just as it does not apply when he holds that a witness is incompetent, and refuses to hear him at all." 114 Tenn. at page 628, 88 S. W. at page 187.

The Court of Appeals opinion then proceeds as follows:

"This exception assumes that the evidence excluded actually existed, and holds its exclusion was

wrongful. And it did exist in the Hunton case. There the issue was the market value of the property taken. It was sought to prove such value by proving what other nearby lots had sold for, such sales being actual events that had taken place and could, of course, have been proved. The Trial Judge refused to let in such proof, and this was held error.

"Likewise, in Ferguson v. State, supra, the excluded evidence existed or was assumed to exist. One of the grounds of the motion for a new trial asserted that a juror was disqualified for reasons stated. Treating this ground as true in fact, the Trial Judge held it insufficient in law and struck it. This was held error, the error being analogous to that of holding a good pleading bad and being presented by the technical record without a bill of exceptions.

"The distinction between those cases and this case seems obvious. In both of them the excluded evidence actually existed, or was assumed to exist for the purpose of decision. In this case the excluded answers might not have been evidence at all for the defendant, but might have negatived his claim of joint enterprise so that their excluson was not harmful or prejudicial to its rights."

We do not think the question of whether or not the evidence is in existence or deemed to be in existence, is a controlling feature of the exception to the general rule. The determinative point, in our judgment, is that the party against whom such an adverse rule of exclusion is made is wholly and completely denied the right to attempt to make a defense to which he is entitled, regardless of the ultimate merits or demerits or success or failure of that legitimate theory of defense.

Examination of the cases cited on page 15 and top of page 16 of 177 Tenn., on page 6 of 145 S. W. (2d) of the Holliston Mills case, infra, discloses that in none of them was the excluded evidence relevant, material and competent to any issue.

The Court of Appeals then held that it was error not to let the witness answer the question but that it was harmless error, because the answers of the witnesses were not preserved in the bill of exceptions. That Court then cited *Holliston Mills of Tennessee* v. *McGuffin,* 177 Tenn. 1, 145 S. W. (2d) 1, also 177 Tenn., p. 16, 146 S. W. (2d) 257, wherein the general rule was applied. That is, under such circumstances counsel should preserve the offered testimony in the bill of exceptions unless refused permission to so preserve it by the Trial Judge, citing also, *Conlee* v. *Taylor,* 153 Tenn. 507, 285 S. W. 35, 48 A. L. R. 940.

We agree with the Court of Appeals that the Trial Court committed error in excluding any testimony tendered to support the defense of joint enterprise which it was entitled to rely upon under its plea of the general issue, but we are of opinion that under its plea of the general issue the situation falls under the exception to the general rule because the general rule which requires the preservation in the bill of exceptions of rejected evidence does not apply where the Circuit Judge rules out *an entire line of competent evidence, or refuses to hear an examination thereon* just as it does not apply when he holds that witness incompetent and refuses to hear him at all.

In our judgment, that is an entirely different situation from that existing in *Conlee* v. *Taylor,* supra, where the Court did not rule out an entire line of competent evidence but simply limited the number of witnesses that he would hear in support of that which was admittedly proper to be proved. It is likewise different in that re-

spect from the Holliston case, supra, for the same reason because in that case no testimony was excluded as being incompetent or beyond the pleadings or otherwise generally inadmissible.

In *Ferguson* v. *State,* supra, 166 Tenn. at page 312, 61 S. W. (2d) at page 468, the Court said:

"An exception to this general rule is well recognized, appearing to have application to the case now before us when on the trial the court excluded an *entire line* or character of testimony, declining to permit to be introduced, or to consider, *any testimony directed toward a given issue, because [deemed by the Court] not within the pleadings, or otherwise generally inadmissible. In such a situation, preservation and presentation to the appellate court of the details of the evidence offered is not required for obvious reasons."* (Italics and brackets ours.)

That error was prejudicial for the following reason. The verdict may have been based on the view either that (1) defendant was guilty of negligence solely and proximately causing the accident, or (2) the driver of the car in which plaintiff was riding was guilty of contributory negligence but that same was not imputable to plaintiff. ■ In the latter view it was therefore necessarily prejudicial to defendant to exclude the theory of joint enterprise.

Moreover, the action of the Trial Judge was obviously prejudicial because the effect of his ruling that it was not a joint enterprise case, was to rule out the answer which the defendant had already elicited from the plaintiff in regard to that very proper defense of joint enterprise. In that situation the defendant was in no position to submit a special request on the defense of joint enterprise.

We, accordingly, sustain the defendant's relevant assignment of error, reverse the judgment of the Trial Court and the Court of Appeals and remand the case to the Trial Court for a new trial with costs of the appeal against the plaintiff below.