STATE of Tennessee, Appellee,

v.

Calvin D. KING, Appellant.

Court of Criminal Appeals of Tennessee, At Nashville.

July 10, 1981.

Permission to Appeal Denied by Supreme Court Oct. 5, 1981.

Cleveland Turner, Parker, Turner & Ross, Clarksville, for appellant.

William M. Leech, Jr., Atty. Gen., James A. DeLanis, Asst. Atty. Gen., Nashville, Columbus Wade Bobo, Asst. Dist. Atty. Gen., Clarksville, for appellee.

## OPINION

TATUM, Judge.

The defendant, Calvin D. King, was convicted of armed robbery, with punishment fixed at ten years confinement in the State penitentiary. On this appeal, the defendant presents four issues for review:

"(1) There was insufficient proof in the record to justify a finding of guilt in this matter;

(2) The court erred in the charges it charged the jury as to the applicable law in this case;

(3) The District Attorney committed error in his argument to the jury; and

(4) The court erred when it called the jury in during the middle of their deliberation and inquired as to the jury's closeness of a verdict and whether or not the jury should be allowed to go home overnight leaving the indication that the court rushed the jury on this verdict."

In view of the first issue, we will briefly summarize the State's evidence, which the jury accredited by its verdict of guilty. Approximately 1:00 A.M., Mr. Bruce Burke, cleanup man at Hardee's hamburger establishment, went outside after the business closed and noticed a small hatchback automobile with protruding hubcaps near the drive-through area of the restaurant. Burke reentered the store and about five minutes later, a man entered with a woman's stocking over his head and held him up with a shotgun. After unsuccessful efforts to open the safe, the intruder took $10 to $15 from Mr. Burke's wallet and left. Burke immediately telephoned the police. The robber was wearing scuffed military boots, blue jeans and a brown shirt. He had a thick mustache and a receding hairline. The description of the robber and the automobile was broadcast on the police radio.

Minutes later, the policemen observed the defendant parked near the tennis courts at a high school. The defendant told the police that he was there to meet an "old flame" and that he was out of gas. The officers took the defendant to a gas station, went to the scene of the robbery where they obtained a more detailed description of the robber, then returned to the gas station and arrested the defendant. He was taken to Hardee's where Burke positively identified the defendant as the robber and also identified the defendant's blue jeans and shoes. The defendant was not wearing the same shirt worn during the robbery.

Burke was shown the defendant's automobile which he positively identified as being the same vehicle seen by him at Hardee's immediately before the robbery. He likewise identified a .20-gauge shotgun found in the back floorboard of the defendant's automobile as that used in the robbery. He stated that the pair of women's pantyhose found in the defendant's automobile was the same color as the stockings or pantyhose worn over the robber's head during the robbery.

The defendant testified that he had been drinking until about 12:30 P.M. on this

night and then went to his home which was next door to Hardee's. He entered the house, turned the television set off and used the bathroom. He then left again to meet a woman whose name he did not know. The defendant's wife was asleep and was not aware of his return home. He denied stopping at Hardee's. He and his witnesses testified that he carried the shotgun in the backseat of his automobile to prevent his child from getting it. He had borrowed the shotgun to shoot dogs in his yard. His wife had left the pantyhose and other items of her clothing in the car a few days earlier.

Considering the evidence as a whole, we find that it meets the standard required by Rule 13(e), Tennessee Rules of Appellate Procedure.

We find no merit in Issues 2 and 3 but we must resolve these two issues against the defendant for another reason. These issues were stated in the Motion for a New Trial with the same language employed in the issues presented for review in this court, as above quoted. Rule 3(e) of the Rules of Appellate Procedure provides in part:

" . . . Provided, however, that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was *specifically stated in a motion for a new trial*; otherwise such issues will be treated as waived." (Emphasis supplied.)

In *Memphis Street Railway Co. v. Johnson*, 114 Tenn. 632, 88 S.W. 169, 171 (1905), the court states:

"We are of the opinion that the grounds set out in the motion should be as specific and certain as the nature of the error complained of will permit. Thus, if the error consists in the admission or rejection of evidence, the evidence admitted or rejected should be stated. If it be for affirmative error in the charge, or for failure to give an instruction properly and seasonably presented, it should set out the portion of the charge complained of, or the instruction refused, or otherwise definitely identify the instruction. If it be for misconduct of the opposite party or that of the jury, the facts constituting it should be stated."

The grounds relied upon must be specified with reasonable certainty in a motion for a new trial to advise the trial court and opposing counsel of the alleged error or irregularity relied upon and to enable the appellate courts to see that the alleged error was presented to the trial court for correction as required by Rule 36(a), T.R.A.P. *Memphis Street Railway Co. v. Johnson, supra; Ferguson v. State*, 166 Tenn. 308, 61 S.W.2d 467 (1933).

Therefore, to comply with Rule 3(e), T.R.A.P., the Motion for a New Trial must specify the portions of the jury instructions and State's argument complained of with reasonable certainty; otherwise, the matter cannot be considered by the trial court on the Motion for a New Trial or by an appellate court on appeal. Obviously, the grounds relied upon in Issues 2 and 3 do not meet these requirements.

The defendant did not brief Issue 4 and the record does not reflect that the trial judge interrupted the jury's deliberation with an inquiry as stated by the defendant in Issue 4. The record reflects that the jury retired for consideration of its verdict at 5:18 P.M. At 6:25 P.M. the court recessed for the evening meal after which the jury resumed its deliberations and returned its verdict at 6:51 P.M. There is no hint that the trial judge inquired as to the progress of the jury in reaching a verdict or mentioned whether the jury should remain overnight. Therefore, there is no merit in this issue.

The judgment of the trial court is affirmed.

WALKER, P. J., and WEATHERFORD, Special Judge, concur.