CYNTHIA ALBRIGHT,                )
                                 )    Appeal No.
        Plaintiff/Appellee,      )    01A01-9607-CH-00333
                                 )
v.                               )
                                 )    Chancery Court No.
JOSEPH L. MERCER, III,           )    23117
                                 )
        Defendant/Appellant.     )

FILED

December 4, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR WILLIAMSON COUNTY

AT FRANKLIN, TENNESSEE


THE HONORABLE HENRY DENMARK BELL, JUDGE




KEITH JORDAN, ESQ.
227 Second Avenue North
Suite 360-M
Nashville, Tennessee 37201
        ATTORNEY FOR DEFENDANT/APPELLANT


R. E. LEE DAVIES
Hartzog, Silva & Davies
123 Fifth Avenue North
P.O. Box 664
Franklin, Tennessee 37065-0664
        ATTORNEY FOR PLAINTIFF/APPELLEE




AFFIRMED AND REMANDED




SAMUEL L. LEWIS, JUDGE

This is an appeal by defendant/appellant, Joseph L. Mercer, III, from a decision of the Chancery Court for Williamson County awarding plaintiff/appellee, Cynthia Albright, attorney's fees of $1,000.00.

The underlying facts of this cases involve a rental agreement between Mercer and Albright.  Pursuant to the rental contract, Mercer agreed to rent Albright's trailer for $450.00 per month from 1 December 1993 until 31 March 1994 and agreed to lease the trailer on a month to month basis for $500.00 per month after 31 March 1994.  The contract also provided that either party could terminate the lease upon providing thirty days written notice after 28 February 1994.  Finally, the contract provided that Mercer would pay all reasonable attorney's fees incurred by Albright if Albright instituted litigation for breach of contract.  In a letter dated 19 December 1994, a paralegal, Tammy Krasnoff, informed Albright that Mercer intended to vacate the trailer on 31 December 1994.  The letter also claimed that the clothes dryer destroyed $750.00 worth of Mercer's clothing and requested Albright reimburse Mercer for the loss.

The parties each filed separate actions.  In January 1995, Mercer filed an action in the General Sessions Court for Williamson County.  Mercer alleged that Albright's failure to maintain the leased premises caused damage to his personal property.  On 30 January 1995, Albright filed a complaint in the Chancery Court for Williamson County.  Albright alleged that Mercer breached the contract by damaging walls, carpet, doorstops and jams, and other items.  Albright also alleged that Mercer failed to give her thirty days written notice of his intention to vacate the trailer.  Mercer answered the complaint on 9 March 1995.  He denied that he breached

the contract and moved the court to dismiss the complaint.

Upon Albright's motion, the general sessions court removed Mercer's case to the circuit court. On 30 May 1995, Mercer filed a notice of jury demand. Thereafter upon Albright's motion, the circuit court transferred Mercer's case to the chancery court and consolidated it with Albright's case. In November 1995, Mercer made an offer of judgment. Mercer agreed to pay Albright $750.00 in damages and to drop all claims or causes of action against Albright. Albright refused the offer, and the parties conducted limited discovery including the filing of interrogatories and requests for admissions and for the production of documents. Mercer waived his demand for a jury trial the day before the case was set to be heard.

On 19 January 1996, the chancellor entered an order disposing of the parties claims. As to the property damage, the chancellor held that it was normal wear and tear and denied recovery of repair costs. The court found that Mercer failed to provide thirty days notice and awarded Albright damages of $500.00 pursuant to the contract. The court then held that Mercer's claim was without merit. Finally, the court awarded Albright attorney's fees and agreed to set the amount if the parties could not reach an agreement. On 5 January 1996, Albright's attorney filed an affidavit claiming fees of $2,535.00. The total amount included 16.9 hours of professional services at $150.00 per hour.

The chancellor heard the parties' arguments as to attorney's fees. On 1 February 1996, the chancellor entered an order awarding Albright $1,000.00 in attorney's fees. Thereafter, Mercer filed a notice of appeal questioning the reasonableness of the award of attorney's fees.

The Tennessee Supreme Court addressed a similar issue in *Wilson Management Co. v. Star Distribs. Co.*, 745 S.W.2d 870 (Tenn. 1988). The court held:

> [W]here an attorney's fee is based upon a contractual agreement expressly providing for a reasonable fee, the award must be based upon the guidelines by which a reasonable fee is determined. The parties are entitled to have their contract enforced according to its express terms. Where they specify a reasonable fee rather than a percentage of recovery, it is clear that they expect a court to adjudicate the issue of a reasonable fee, unless they agree upon the amount after a controversy matures.

*Wilson*, 745 S.W.2d at 873 (Fones, J.) (citations omitted). Later, the court explained the holding in *Wilson* and stated: "This Court held that where a 'reasonable' fee is called for, the award <u>must</u> be based on the guidelines by which a reasonable fee is determined, and not simply a percentage of recovery." *Nutritional Support Servs., Ltd. v. Taylor*, 803 S.W.2d 213, 216 (Tenn. 1991) (Fones, J.). DR 2-106 contains a list of the guidelines used to determine whether a fee is reasonable.

> (A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
> (B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly.
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
> (3) The fee customarily charged in the locality for similar legal services.
> (4) The amount involved and the results obtained.
> (5) The time limitations imposed by the client or by the circumstances.
> (6) The nature and length of the professional relationship with the client.
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
> (8) Whether the fee is fixed or contingent.

Sup. Ct. Rules, Rule 8, Code of Prof. Resp., DR 2-106(A)&(B) (West 1996); *see Connors v. Connors*, 594 S.W.2d 672, 676 (Tenn. 1980).

Mercer contends that the fee awarded by the chancellor, while

not clearly excessive, is not reasonable. During the proceedings before the chancellor, Albright's attorney filed an affidavit stating that he performed 16.9 hours of legal services in relation to this case. In his brief, Albright's attorney submitted that approximately 2.1 of these hours were spent defending Mercer's claim. The contract only entitled Albright to recover fees for claims instituted by her for breach of contract or for unlawful detainer, not fees for defending a suit instituted by the lessee. Thus, the trial court awarded Albright $1,000.00 for 14.8 hours of legal services or approximately $68.00 per hour.

In support of his position, Mercer makes numerous arguments. First, he points out that Albright only received $500.00 and that the court denied the majority of the alleged damages. This argument pertains to the fourth factor listed in DR 2-106(B). Albright hoped to recover $1,350.00 for the damage to the property, $500.00 for Mercer's failure to give proper notice, and reasonable attorney's fees. Unfortunately for Albright, the court only awarded the $500.00 for Mercer's failure to give proper notice and $1,000.00 in attorney's fees. It is the opinion of this court that the trial court's award of approximately $68.00 per hour is reasonable given both the amount involved and the results obtained.

Mercer's second argument is that the fee awarded exceeds the fee commonly charged in the locality for such actions. This argument pertains to the third factor listed in DR 2-106(B). In support of his argument, Mercer relies on the affidavit of another attorney who stated that the appropriate and customary fee charged in the locality was between twenty and twenty-five percent of the amount collected. It is the opinion of this court that the affidavit was not relevant to the issue which was before the trial court. The affidavit speaks of a reasonable contingency fee, not of a reasonable hourly rate. Absent the affidavit, there is no

evidence that the chancellor's award exceeded the fee customarily charged in the locality. We will not disturb the chancellor's finding on appeal absent a showing of an abuse of discretion. *Threadgill v. Threadgill*, 740 S.W.2d 419, 426 (Tenn. App. 1987).

In addition, Mercer contends that the action was a simple landlord/tenant dispute. This argument pertains to the first factor listed in DR 2-106(B). It is the opinion of this court that this argument is without merit. It is not unreasonable for an attorney to charge at least $68.00 an hour in even the simplest of cases.

Finally, Mercer argues that this court should consider the fact that Mercer made an offer of judgment for $750.00 early in the case and that Albright only recovered $500.00. It is the opinion of this court that evidence of the offer of judgment is not admissible as evidence of the reasonableness of attorney's fees. Mercer made the offer of judgment pursuant to Rule 68 of the Tennessee Rules of Civil Procedure. This rule provides: "An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs." Tenn. R. Civ. P. 68 (West 1996). The term "costs" as used in this rule does not include attorney's fees. *Person v. Fletcher*, 582 S.W.2d 765, 766-67 (Tenn. App. 1979). Thus, evidence of the offer of judgment is inadmissible.

It is the opinion of this court that the attorney's fees awarded by the trial court were reasonable. Moreover, we are of the opinion that the rental contract entitles Albright to an award of attorney's fees on appeal. Therefore, it follows that the decision of the chancery court is affirmed. The case is remanded to the chancery court for a determination of the amount of Albright's attorney's fees on appeal and for any further necessary

6

proceedings. Costs on appeal are taxed to defendant/appellant, Joseph L. Mercer.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE,
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE