# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 19, 2013 Session

## 4215 HARDING ROAD HOMEOWNERS' ASSOCIATION v. STACY HARRIS

**Appeal from the Chancery Court for Davidson County**
**No. 091685II     Carol L. McCoy, Chancellor**

---

**No. M2012-02713-COA-R3-CV - Filed September 30, 2013**

---

In suit brought by condominium Homeowner's Association, former owner of condominium unit which was ordered sold after being determined to constitute a nuisance, appeals the trial court's order granting the Association's application for attorneys' fees. Finding that the trial court did not abuse its discretion in making the award, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

Stacy Harris, Nashville, Tennessee, Pro Se.

Nicholas A. Lastra, Franklin, Tennessee, for the appellee, 4215 Harding Road Home Owners' Association.

## MEMORANDUM OPINION[1]

This is the third appeal in this case. In the first appeal, we affirmed the trial court's holding that grossly unsanitary conditions in Ms. Harris' condominium unit violated the Master Deed and By-Laws of the condominium and granted the Homeowner Association's

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

request that her unit be sold. *4215 Harding Road Homeowners Association v. Harris*, 354 S.W.3d 296 (Tenn. Ct. App. 2011) (*Harris I*). In the second appeal, we affirmed the trial court's order enjoining Ms. Harris from purchasing another unit in the condominium complex. *4215 Harding Road Homeowners Association v. Harris*, No. M2011-02763-COA-R3-CV, 2012 WL 6571040 (December 14, 2012) (*Harris II*). While *Harris II* was on appeal, Ms. Harris' unit was sold and the proceeds of $85,000 paid into court.

On July 12, 2012, the Association filed two motions: (1) to require Ms. Harris to post an additional bond to prosecute the appeal in *Harris II* and (2) to supplement the award of attorneys' fees and expenses previously awarded to include time expended since January 30, 2012 and to disburse the funds which had been paid into court. Ms. Harris filed a memorandum in opposition to the motions on July 30, accompanied by an affidavit in which she set forth objections to specific matters for which fees were sought.[2] On September 12 the court entered an order granting the motion to supplement the earlier award of attorneys fees and setting forth the manner in which the funds on deposit were to be disbursed. Ms. Harris filed a motion to alter or amend the September 12 order which was denied by order entered November 26; Ms. Harris appeals from that order, articulating the issue as follows: "Did not the Chancellor apply an incorrect standard in awarding appellee's counsel fees and expenses?"[3]

## DISCUSSION

The court in *Harris I* determined that the Homeowners Association had a contractual right to recover its attorneys' fees; our review of the order under appeal, therefore, is limited

---

[2] In the memorandum Ms. Harris concluded:

> There is no need for any additional appeal bond, and in any case the law does not permit same under the circumstances presented here. Disbursement is a purely a discretionary matter, requiring no further comment from Ms. Harris. And if in fact any fee is awarded, it must be reasonable in amount . . . and for the reasons articulated, any reasonable fee must fall far below Mr. Lastra's submission.

[3] On January 8, 2013, the Homeowners Association moved the trial court to disburse $63,473.24 to the Association and $5,100.00 to the real estate agent from the funds held by the Clerk and Master in accordance with an order granting fees and expenses entered March 5, 2012, pointing out that the time to appeal that order had expired; on February 21, 2013, the court entered an order granting the Association's motion. Ms. Harris filed a notice of appeal from the February 21, 2013 order; by order entered September 4, 2013, that appeal was dismissed.

to whether the trial court abused its discretion in making the award.[4]  Under the abuse of discretion standard, we cannot substitute our judgment for that of the trial court.  *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).  Rather, we review the record and find an abuse of discretion where the court has "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346,358 (Tenn. 2008).

In her brief on appeal, Ms. Harris asserts that her objections to the fees

> [W]ere NOT predicated either on the premise that he did not do the work asserted, or on the premise that he "inflated" his time.  Instead, those objections are predicated that the time itself, in many instances, is not reasonable for the task[s] performed, and/or that Mr. Lastra sought compensation for work properly done by the real estate agent, compensation for which falls within the agent's commission.

In the September 12, 2012 order, the court made extensive findings of fact relative to the application for fees.  The court found that each of the tasks performed was reasonable and necessary and held that fees for services which related to the then-pending appeal were not properly recoverable.  The court also held that the application complied with Rule 5.05, Local Rules of Practice of the Twentieth Judicial District, and that the fees were reasonable in accordance with Tennessee Supreme Court Rule 8, RPC 1.5.

We can discern no basis upon which to hold that the court abused its discretion.  The court considered the specific objections contained in Ms. Harris' affidavit and made findings

---

[4]     When the parties' contract provides that the prevailing party is entitled to reasonable attorney's fees in litigation to enforce the contract, the party who prevails is contractually entitled to recover its reasonable attorney's fees, and the trial court has no discretion regarding whether to award attorney's fees or not.  However, determining the amount of the attorney's fee that is reasonable is within the trial court's discretion.  *Albright v. Mercer,* 945 S.W.2d 749, 751 (Tenn. Ct. App.1996); *Airline Constr. Inc. v. Barr,* 807 S.W.2d 247, 270 (Tenn. Ct. App.1990).  Accordingly, the appellate courts must review a trial court's determination of the reasonable amount of attorney's fees to which a party is contractually entitled using the "abuse of discretion" standard.

*Hosier v. Crye-Leike Commercial, Inc.*, M2000-01182-COA-R3CV, 2001 WL 799740 (Tenn. Ct. App. July 17, 2001)

relative thereto. We have been cited to no evidence which preponderates against the trial court's findings of fact and the court properly applied the law.

## CONCLUSION

For the foregoing reasons the judgment of the Chancery Court is affirmed.

_____

RICHARD H. DINKINS, JUDGE,