Opinion of the court delivered by
Judge Peck.
The Mooneys had been arrested on a peace warrant, and bound to appear at the county court. They appeared, and were bound from term to term for two terms, when the prosecutor not requiring further coercion against them, they were discharged, but taxed with costs to a considerable amount; amongst other items, $¡5, a tax fee to the attorney for the state, against each.
They obtained a certiorari and supersedeas to the judgment for costs to the circuit court. That court dismissed the writs, and gave another judgment for costs of that court, together with the costs of the inferior court. Writ of error to this court.
Had the county court power to give judgment against these defendants for costs, on the proceedings against them? Costs are created by statute. Unless there be some law to authorize it, the court cannot ex officio give costs against any one. We have examined as far as we have had means from books, or from the practice, and cannot find any law to support this judgment. In cases like the present, not provided for, the courts are authorized to pay such costs out of the county funds, or to consider the services performed ex officio.
*579 It is a mistake to suppose incident to such a proceeding as the mere binding a party for his behaviour, that the attorney for the government is entitled to a tax fee of ‡5. No law is shewn authorizing it; and we have often held that those fees are not given by implication.
Judgment reversed, and order of the county court awarding costs against these plaintiffs in error, quashed.
Judgment reversed.