RAILROAD *v.* BOSWELL.

(*Jackson.*   May 5, 1900.)

1. CLERK. *Compensation.*

Clerk of Circuit Court is not entitled to, and cannot be allowed by the Court, a commission upon or out of a fund paid into his hands, as the assessed value of defendant's property, in a proceeding by a railroad company to condemn land for its use.

2. SAME. *Same.*

The Clerk receives the fund, in such case, in his capacity as Clerk, and not "as trustee, receiver, or commissioner under the appointment of the Court," within the meaning of the statute permitting the Court to make allowance to such appointees where no fees are fixed by law.

Code construed: § 1859 (S.); § 1564 (M. & V.); § 1340 (T. & S.).

3. SAME. *Same.*

Nor does this case fall within the statute authorizing the Court to make discretionary disposition of costs in cases not otherwise expressly, or by fair implication, provided for. That statute confers discretion to dispose of costs allowed by law, but does not confer power to create new items of costs.

4. COSTS. *Rule.*

Costs are created alone by statute. Unless there is a statute to authorize it, the Court cannot give costs to or against anyone.

Case cited: Mooneys *v.* State, 2 Yer., 578.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County.   L. H. ESTES, J.

JOHN P. HOUSTON for Railroad.

L. B. McFARLAND and JAS. H. MALONE for Boswell.

McALISTER, J. This record presents a question of taxation of costs. In the case of the *Louisville & Nashville Railroad Company* v. *James, Fitzgibbons, et al.,* land was condemned for the company's right of way, and the value of the land was assessed at $2,750, which sum was paid into the hands of the Clerk of the Circuit Court. The Circuit Judge allowed the Clerk a commission of one per cent. on said amount, amounting to the sum of $27.50. The company moved to retax said costs, and that said commission be disallowed, but the motion was overruled. The company appealed, and assigns this action of the Court as error. It is said the Court allowed the commission under § 6391, Shannon's Code, viz.: "The Court may make allowances to the Clerk or other person acting as trustee, receiver, or commissioner under the appointment of the Court when no fees are fixed by law." In this case the Clerk was not acting in the capacity of trustee, receiver, or commissioner under the appointment of the Court when he received this money, but he received it as Clerk. Sec. 1859, Shannon's Code, under the head of "Condemnation Proceedings," provides, viz.: "If no objection is made to the report, it is confirmed by the Court,

Railroad *v.* Boswell.

and the land decreed to the petitioner upon payment to the defendants, or to the Clerk for their use, of the damages assessed." So that it is obvious that this money was received by the defendant in error in his capacity as Clerk. The contention of defendant in error that the payment to him of the money for the use of the defendant makes him trustee or receiver, without formal appointment by the Court, so as to entitle him to the commissions, is unsound. But it is insisted that, independent of the foregoing statute, that the allowance of said commission was within the discretion of the Court, under § 4962, Shannon's Code, viz.: "And if any case shall occur not directly or by fair implication embraced in the express provisions of the law, the Court may make such disposition of the costs as, in its sound discretion, may seem right." It will be observed that this section has reference to the disposition of costs. In construing this section, in *Perkins* v. *State,* 9 Bax., 2, this Court said, viz.: "This section only authorizes the Court to exercise its discretion in adjudging costs as between the parties, which have already accrued, if any case should occur where the law has not directed how they shall be adjudged, but confers no power to allow costs to officers which the law has not allowed."

The law has nowhere allowed the Clerk a commission in such a case as part of the costs, and

the Court, under this section, has no discretion to allow it. As said by this Court in *Mooneys* v. *The State,* 2 Yer., 578, "costs are created by statute; unless there be some law to authorize it, the Court cannot *ex officio* give costs against any one."

The motion to retax is sustained, and the commission is disallowed.