**Virgin PERSON et al.,
Plaintiffs-Appellees,**

v.

**Eunice M. FLETCHER,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Jan. 19, 1979.

Certiorari Denied by Supreme Court
May 7, 1979.

**766**

Phillip A. Fleissner of Chambliss, Bahner, Crutchfield, Gaston & Irvine, Chattanooga, for defendant-appellant.

Michael L. West of Weill, Ellis, Weems & Copeland, Chattanooga, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

This appeal presents for determination what are all costs as expressed in Rule 68 of the *Tennessee Rules of Civil Procedure.*

Rule 68, *T.R.C.P.,* provides at any time more than ten days before trial a party defending against a claim may make an offer of judgment, together with the costs then accrued. If the offer is not accepted within ten days and the case goes to trial, and the judgment obtained by the offeree is not more favorable than the offer, then the offeree shall pay all costs accruing after the making of the offer.

In this case, an offer was made pursuant to the rule, the cause proceeded to trial and judgment and, following the judgment

which was less favorable than the offer, defendant-appellant moved the trial court to assess all costs against plaintiffs-appellees in accordance with Rule 68, *T.R.C.P.* The trial judge, in response to the motion, ruled in his order:

Upon consideration of the legal authorities and arguments of counsel, the Court found that the provisions of Rule 68, Tennessee Rules of Civil Procedure, are not interpreted to permit any costs other than the costs taxed by the Clerk of the Court in passing upon an application for costs under Rule 68. The Court was of the opinion that Rule 68 does not provide for the taxation of expenses as requested by the defendant herein, nor the allowance of counsel fees as requested by the defendant herein.

Defendant insists that the phrase "all costs", contained in Rule 68, would include the following enumerated costs and expenditures incurred by defendant:

1.  Costs taxed by the Clerk of the Court.
2.  Cost for photographs necessary for use at the trial.
3.  Deposition costs which were essential to prepare the case for trial.
4.  Court reporter's fee for attendance at the trial.
5.  The defendant's reasonable counsel fees from the time the Offer of Judgment was made through the trial and entry of judgment in the case.

Defendant's counsel cite no authorities for this proposition but argue that Rule 68, *T.R.C.P.,* is patterned after the federal rule and, under federal law, the foregoing items may be included as elements of costs for this purpose. We are urged to declare these items as costs under Rule 68, and counsel contend to hold otherwise Rule 68 will provide no deterrent to the unreasonable prosecution of nuisance value cases.

While Rule 68, *T.R.C.P.,* is patterned after Federal Rule 68, this state has not enacted a law comparable to the federal law found at 28 U.S.C., § 1920, which expressly empowers the judge or clerk of any court of the United States to tax certain enumerated items as cost. This federal statute is the

controlling distinction between Rule 68, *T.R.C.P.*, and the federal rule insofar as what may be included as items of costs.

■ What constitutes costs is determined from legislative enactment on the subject and this principle is expressed in American Jurisprudence, vol. 20, *Costs*, § 52:

> Inasmuch as the recovery of costs is dependent on statutory provision, a party who has been adjudged to be entitled to recover or tax costs may include in his bill or memorandum only such items of expense as are taxable by virtue of legislative enactment.

■ The Supreme Court in the case of *Railroad v. Boswell*, 104 Tenn. 529, 58 S.W. 117 (1900), overruling an effort to include a fee as costs not authorized by statute and quoting its earlier case of *Mooneys v. The State*, 10 Tenn. 578, tersely stated: "costs are created by statute; unless there be some law to authorize it, the Court cannot *ex officio* give costs against any one." At common law, costs were not recoverable *eo nomine*, 20 C.J.S. *Costs* § 2. In the absence of statute expressly designating the claimed items as costs, we hold the costs referred to in Rule 68, *T.R.C.P.*, are those costs authorized by statute as assessed by the trial court in this case.

■ A further argument is made by defendant that the trial judge should have conducted an evidentiary hearing on the issue of plaintiffs' bad faith to determine whether or not attorneys' fees should be assessed as costs. This argument is without merit since no statute authorizes attorneys' fees to be included as costs, no hearing of this nature is provided in Rule 68 and the record does not indicate any request for an evidentiary hearing was made.

For the foregoing reasons the assignments of error are overruled, the judgment of the trial court is affirmed and the costs incident to this appeal are assessed against appellant.

PARROTT, P. J., and GODDARD, J., concur.