Jeanie L. McCORMIC and Judith Clark,
Plaintiffs-Appellees,

v.

Lloyd SMITH, Richard Sharpe, Fred
Smith, and Keven Peterson,
Defendants-Appellants.

Court of Appeals of Tennessee,
Middle Section at Nashville.

Jan. 13, 1984.

Application for Permission to Appeal
Denied by Supreme Court
April 2, 1984.

Jenks L. Hackney, Jr., Nashville, for plaintiffs-appellees.

Edward F. Bell, Nashville, for defendants-appellants.

## OPINION

LEWIS, Judge.

Plaintiffs Jeanie L. McCormic and Judith Clark sued defendants Lloyd Smith, Richard Sharpe, Fred Smith, and Keven Peterson under the "Uniform Residential Landlord and Tenant Act," T.C.A. § 66–28–101 *et seq.*, and alleged that they were entitled to compensatory damages, punitive damages, and to a reasonable attorney's fee pursuant to T.C.A. § 66–28–504.[1]

Both plaintiffs and defendants demanded a jury to try all issues.

The jury returned a verdict for plaintiffs for $650 compensatory and $1,000 punitive damages. The jury also found that defendants should pay "plaintiffs' attorney(s)" fees but did not set an amount. The Trial Court, in its judgment entered on the jury's verdict, stated: "[T]he Court shall set the attorneys fees in chambers after considering the Affidavits submitted by Mr. Jenks

---

1. UNLAWFUL OUSTER, EXCLUSION, OR DIMINUTION OF SERVICE.—If the landlord unlawfully removes or excludes the tenant from the premises or willfully diminishes services to the tenant by interrupting essential services as provided in the rental agreement to the tenant, the tenant may recover possession or terminate the rental agreement and, in either case, recover actual damages sustained by him, and punitive damages when appropriate, plus a reasonable attorney's fee. If the rental agreement is terminated under this section, the landlord shall return all prepaid rent and security deposits.

Hackney, attorney for the Plaintiffs." Thereafter, the Court without further hearing set an attorney's fee of $2,500.

Defendants' several issues raise the single issue: "Whether the Trial Court erred in setting the amount of attorney's fees instead of allowing the jury to do so."

■ The legislature in enacting T.C.A. § 66–28–504 could have provided that the court rather than the jury set the amount of attorney's fees since at common law parties could not recover attorney's fees and it is only the right to trial by jury as it existed at common law that is protected by Article 1, Section 6, of the Constitution of Tennessee. *Marler v. Wear*, 117 Tenn. 244, 96 S.W. 447 (1906). We find nothing in T.C.A. § 66–28–504 or any other section of the Uniform Residential Landlord and Tenant Act which could be interpreted as allowing the trial judge to determine the amount of attorney's fees when a jury has been demanded. A party to a lawsuit has the right to have all disputed issues of fact decided by a jury. *Morgan v. Tennessee Central Railway Co.*, 31 Tenn.App. 409, 422, 216 S.W.2d 32, 37 (1948).

■ Here the parties demanded a jury to try all disputed issues of fact including whether plaintiffs were entitled to attorney's fees and, if so, the amount. The Trial Judge erred in failing to instruct the jury that it was their duty to decide the amount of attorney's fees after they had returned a finding that plaintiffs were entitled to attorney's fees. It was error for the Trial Judge to take the issue of the amount of attorney's fees from the jury and decide that issue upon affidavits submitted by plaintiffs. The parties were entitled to have all issues of fact decided by the jury, including the amount of attorney's fees.

The judgment of the Trial Court in awarding plaintiffs' attorney's fees is reversed and the cause remanded to the Circuit Court for a jury trial on the issue of the amount of attorney's fees to which plaintiffs are entitled. The costs of this appeal are taxed to plaintiffs.

TODD, P.J., M.S., and CONNER, J., concur.