IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 13, 2000 Session

## KIMETHA A. CLARK, ET AL. v. LUCRESHA T. FARRELL

**Appeal from the Circuit Court for Maury County**
**No. 7872     Robert Holloway, Judge**

-------------------

**No. M1999-01945-COA-R3-CV - Filed October 20, 2000**

-------------------

This is an appeal by the defendant from an action of the trial court in assessing discretionary costs against the defendant. The trial court entered an order of dismissal with prejudice on finding that Athe parties have settled all matters in controversy . . .@which order was approved for entry by counsel for both parties. The plaintiff filed a motion for discretionary costs pursuant to Tenn. R. Civ. P. 54.04(2). The trial court then granted discretionary costs to the plaintiff in the amount of $2,185.75. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J. and PATRICIA J. COTTRELL, J., joined.

John S. Colley, III, Columbia, Tennessee, for the appellant, Lucresha T. Farrell.

Lawrence D. Sands, Columbia, Tennessee, for the appellees, Kimetha A. Clark & James M. Clark.

### OPINION

Kimetha Clark and James M. Clark filed suit for damages against Lucresha T. Farrell in the Circuit Court for Maury County alleging personal injuries resulting from a November 22, 1996 automobile accident. The defendant filed an answer containing general denials of liability.

The trial court set the case for trial on July 22, 1999. On June 18, 1999, the defendant filed an offer of judgment stating the following: AComes now the Defendant Lucresha T. Farrell, by and through counsel, and offers judgment to be taken against her by Plaintiffs in the amount of $18,497.00 including court costs and litigation taxes to date.@ This offer of judgment was not accepted by the plaintiffs.

As the result of a scheduling conflict, the case was reset for trial on August 30, 1999. Prior to trial, the parties settled the case. On August 30, 1999, counsel for both parties approved an order of dismissal providing:

> It appearing to the court that the parties have settled all matters in controversy, and that this cause of action be dismissed, it is hereby
>
> ORDERED that this cause of action be dismissed with prejudice. Court costs and litigation taxes shall be adjudged against the Defendant, for which execution may issue.
>
> This the 9th day of September 1999.
>
> /s/ Robert L. Jones, Judge

On September 1, 1999, counsel for the plaintiffs moved the court for an award of discretionary costs consisting of medical deposition and court reporting expenses in the full amount of $2,185.75 pursuant to Tenn. R. Civ. P. Rules 54.04(2) and 59.01.

On September 13, 1999, the defendant responded under oath of counsel providing in part as follows:

> 2.      In their pleadings, Plaintiffs demanded $50,000.00 for injuries to Kimetha Clark and $10,000.00 for loss of consortium for James Clark. Besides their Complaint and Amended Complaint, Plaintiffs made no demand for settlement upon Defendant.
>
> 3.      Nevertheless, Defendant Farrell filed an Offer of Judgment in the amount of $18,497.00 pursuant to T.R.C.P. 68 on June 18, 1999.
>
> 4.      Plaintiffs made no response to said Offer of Judgment within the ten (10) days set forth in T.R.C.P. 68, at any point through the first trial setting of this matter on July 22, 1999, or at any point prior to the Thursday before the last trial setting of this cause, August 26, 1999. At that time, Plaintiffs demanded $35,000.00 in settlement of their claims.
>
> 5.      When Defendant Farrell rejected the offer of $35,000.00 on August 27, 1999, Plaintiffs asked if the previous Offer of Judgment was still open in the amount of $18,497.00. Counsel for Defendant responded that it was, and counsel for Plaintiffs accepted same. At that time, counsel for Defendant informed counsel for Plaintiffs that Defendant would not pay discretionary costs in this cause.

6.      Plaintiffs accepted the $18,497.00 by withdrawing same from the office of the Circuit Court Clerk, and the parties have entered an order dismissing this matter, taxing the court costs and litigation taxes to Defendant Farrell.

7.      Defendant made an offer of judgment which was accepted by the Plaintiffs, albeit rather belatedly, and at the eleventh hour.  Rule 68 does not contemplate the award of discretionary costs when an offer of judgment is accepted.  *Person v. Fletcher*, 582 S.W.2d 765 (Tenn. Ct. Crim. App. 1979), *cert denied* (1979).

On September 27, 1999, Judge Robert L. Holloway, Jr. entered an order awarding discretionary costs to the plaintiffs in the amount of $2,185.75 and the defendant timely appealed.

Neither the transcript of evidence nor the Tenn. R. Civ. P. 24(d) statement was filed.  Therefore, the case is before this Court on the pleadings, together with the affidavit of the plaintiffs= counsel relative to discretionary costs, and the verified under oath response of counsel for the defendant.

Whatever may have been the subjective intent of the parties or their respective counsel, the order of dismissal, that was approved for entry by all counsel on August 30, 1999 and signed by Judge Robert L. Jones on September 9, 1999, is clear and unambiguous.  The case is dismissed with prejudice because Athe parties have settled <u>all</u> matters in controversy . . . .@ (Emphasis added).  The discretionary costs sought by the plaintiffs and ultimately allowed by Judge Robert L. Holloway, Jr. in his September 27, 1999 order, had all accrued prior to the order of dismissal.  The parties chose to use the word Aall@ in describing the matters settled in the lawsuit.  Thus, a definition of the word Aall@ is necessary in order to determine if discretionary costs were included in the settlement.

Searching case law for the definition of a self-defining word is sometimes frustrating.  Few courts see the need to define self-defining words such as Aall.@

AIt has been said that the word >all= is a term of such uniform use and well understood meaning that it seems unnecessary to define it.  It is a very comprehensive word, and perhaps the most comprehensive and all inclusive word to be found in the English language.  There is a totality about it that few words possess.@ 3(A) C.J.S. All, p. 243 (1973) (footnotes omitted).

In defining the word Aall@ the Supreme Court of Tennessee has said:

[W]hat is the meaning Ais in all respects qualified under the provisions of this chapter@ under the facts of the instant case?  In determining an answer to this question it is obviously necessary that we must go to the books or dictionary for definitions of the underscored language.  In the first place take the word Aall@ which of course in its ordinary everyday meaning, as we must apply it as used by the Legislature herein, is a very comprehensive word and probably the most comprehensive that can be found in the English language, and

-3-

when used as here it certainly to our minds means everyone, or the whole number of particulars; the whole number.

*Associated Transport, Inc. v. Fowler*, 337 S.W.2d 5, 7 (Tenn. 1960); *see also Burchfield v. Hodges*, 197 S.W.2d 815, 819 (Tenn. Ct. App. 1946).

The case of *Bunch v. Lloyd*, No. 03A01-9708-CV-00331, 1998 WL 102109, at * 3 (Tenn. Ct. App. Feb. 27, 1998) differs from the case at bar only in the fact that the *Bunch* court was construing a clear and unambiguous release in disallowing discretionary costs, while we have before the Court in this case a clear and unambiguous order of dismissal. The court in *Bunch* held: AWe find absolutely no ambiguity in the terms of this general release, in the context in which it was executed. In fact, we find that the parties= intention, as demonstrated by the language of the document before us, is clear beyond any doubt.@ *Bunch* at * 3.

We find no ambiguity in the meaning of the order of dismissal of September 9, 1999 approved for entry by counsel for both parties and signed by the trial judge.

While it is not necessary to the decision in this case we note that the verified under oath response to the motion for discretionary costs filed by counsel for the defendant stands unrefuted in the limited record before the court in its assertion that at the time of the settlement Acounsel for Defendant informed counsel for Plaintiffs that Defendant would not pay discretionary costs in this cause.@

The judgment of the trial court awarding discretionary costs to the appellees is reversed and the case is remanded for collection of costs and litigation taxes as adjudged by the trial court order of September 9, 1999.

Costs on appeal are assessed to the appellees.

_____
WILLIAM B. CAIN, JUDGE