# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 10, 2013 Session

## IN RE: NATHANIEL C. T., JASON J. T. and EMERALD S. T.

**Appeal from the Chancery Court for Washington County**
**No. 8948      G. Richard Johnson, Chancellor**

---

**No. E2013-01001-COA-R3-CV-FILED-MARCH 17, 2014**

---

This appeal concerns attorney's fees.  Two relatives ("Petitioners") filed a petition to terminate the parental rights of the parents ("Respondents") to Respondents' three minor children ("the Children").[1]  The Chancery Court for Washington County ("the Trial Court"), pursuant to Tennessee Supreme Court Rule 13, appointed counsel to represent Respondents in the parental termination action.  After a long, drawn out process, the parties resolved their legal dispute through a mediated agreement.  The Children remained with Respondents. Respondents filed a motion for attorney's fees, arguing that they should be awarded attorney's fees under Tenn. Code Ann. § 36-5-103(c).  The Trial Court held that Tenn. Code Ann. § 36-5-103(c) was inapplicable under these circumstances and denied Respondents' motion for attorney's fees.  Respondents appeal.  We affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, J., joined.  CHARLES D. SUSANO, JR., C.J., filed a concurring opinion.

Kathryn J. Dugger-Edwards, Elizabethton, Tennessee, for the appellant, Ashlie T.

John S. Taylor, Johnson City, Tennessee, for the appellant, Jason T.

Jason A. Creech and Suzanne S. Cook, Johnson City, Tennessee, for the appellees, Angela W. and David W.

---

[1]While this is an appeal about attorney's fees, the underlying matter leading to the appeal was an attempted termination of parental rights.  Therefore, we will not identify surnames of the family members.

## OPINION

## Background

In June 2008, the Children entered into the temporary custody of their aunt by agreed order. In December 2008, Petitioners filed a petition to terminate parental rights of Respondents to the Children. Respondents filed affidavits of indigency and, in 2009 and 2010 respectively as relevant, the Trial Court appointed Respondents counsel pursuant to Tenn. Sup. Ct. Rule 13[1]. This family legal battle took years to unfold. Ultimately, the parties entered mediation and reached an agreement in 2011. In the end, the Children remained with Respondents.

Respondents' counsel received $1,000.00 and $2,070.25 respectively from the State as compensation for their appointed work. However, Respondents' counsel asserted that they had amassed over $40,000.00 in attorney's fees at the generally accepted rate for private counsel. Relying on Tenn. Code Ann. § 36-5-103(c), Respondents filed a motion for attorney's fees.

In March 2013, the Trial Court entered an order denying Respondents' motion for attorney's fees. The Trial Court stated, in part:

> The Court finds that this action was originally commenced as a termination of parental rights and adoption case under T.C.A § 36-1-101 et seq. The statute recited by the Movants, T.C.A. § 36-5-103(c), in support of their Motion for Attorney Fees deals exclusively with custody and support cases wherein there is discretion accorded to a trial Judge in awarding such attorney fees and costs. The Court finds this is not a custody case that would trigger the discretion of the Court to award attorney fees under T.C.A. § 36-5-103(c); accordingly, the cases cited by the Movants are not applicable. To the contrary, the Court finds that the case law recited by the original Petitioners in response to the Motion for Attorney Fees, Bryant v Bryant 1999 WL 43282 (Tenn. App. 1999) is applicable in this case. Under that cited authority there is no basis for the award of attorney fees to Movants in this cause under this, a termination of parental rights case. Further, the Court finds that this case was resolved pursuant to a Mediated Agreement and attorney fees were not

---

[1]The stated purpose of Tenn. Sup. Ct. Rule 13 is to provide "for the appointment of counsel in all proceedings in which an indigent party has a statutory or constitutional right to appointed counsel . . ." which includes a proceeding to terminate parental rights. The Rule also provides "for compensation of appointed counsel in non-capital cases . . . ."

dealt with in that Agreement. Based on all the above the Motion for Attorney Fees filed by [Respondents] is respectfully denied, though the Court does recognize that their attorneys did expend significant effort in this case and the Court thanks them for that effort. Court costs are taxed to the original Petitioners . . . .

(Format modified). Respondents appeal to this Court.

## Discussion

Though not stated exactly as such, Respondents raise one issue on appeal: whether the Trial Court erred in denying Respondents' request under Tenn. Code Ann. § 36-5-103(c) for attorney's fees. For their part, Petitioners contend that this appeal is frivolous, and they request their attorney's fees and costs on that basis.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first address whether the Trial Court erred in denying Respondents' request under Tenn. Code Ann. § 36-5-103(c) for attorney's fees. Tenn. Code Ann. § 36-5-103 provides, in relevant part:

(c) The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (2010).

In *Bryant v. Bryant*, we elaborated upon the proper application of Tenn. Code Ann. § 36-5-103(c), stating:

With regard to the issue of attorney fees, we are not generally inclined to interfere with decisions concerning attorney fees in cases where awarding fees is within the discretion of the trial court. *Threadgill v. Threadgill*, 740 S.W.2d 419, 426 (Tenn.App. 1987). However, this deference extends only to cases in which the amount of the fee award is challenged, not to cases in which the legal justification of the award is at issue. In the latter case, this Court reviews the decision of the trial court the same as any other legal issue-with no presumption of correctness. *State Dep't of Human Servs. v. Shepherd*, 1989 WL 144019, at *1 (Tenn.App. Nov. 29, 1989).

A prevailing litigant had no right at common law to the payment of its legal fees or costs. *Mooneys v. State*, 10 Tenn. (2 Yer.) 578, 579 (1831); *McCormic v. Smith*, 668 S.W.2d 304, 306 (Tenn.App. 1984). The common law rule can be modified by contract, but in the absence of such, the authority of the court to award attorney fees must be statutorily grounded. *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985); *Person v. Fletcher*, 582 S.W.2d 765, 767 (Tenn.App. 1979). Thus, in the absence of a statute, contract, or other compelling equitable ground, a trial court cannot compel a losing party to pay a prevailing party's legal expenses. *State ex rel. Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn. 1979).

Neither Respondent nor the trial court were [sic] able to point to any statutory support for the award of attorney fees in the type of proceeding before us. T.C.A. § 36-5-103(c) (Supp. 1998) allows the trial court to award legal expenses in custody and support proceedings. The proceeding before us in the case sub judice concerns termination of parental rights and adoption. There is no statutory authority which provides that the trial court can award attorney fees in such a proceeding. The trial court erred in awarding attorney fees to Respondent, and his request for attorney fees for this appeal is denied.

*Bryant v. Bryant*, No. 01A01-9806-CV-00337, 1999 WL 43282, at *6 (Tenn. Ct. App. Feb. 1, 1999), *no appl. perm. appeal filed*.

Respondents argue that Tenn. Code Ann. § 36-5-103(c) applies such that they should receive attorney's fees even though their appointed counsel already received compensation for their appointed work. Respondents assert, among other things, that while this case involved an attempted termination of parental rights, it also may accurately be characterized as a custody case for purposes of Tenn. Code Ann. § 36-5-103(c). Additionally, Respondents assert that Respondents prevailed as the Children ultimately stayed with them, thus making an award of attorney's fees appropriate under the statute.

-4-

Respondents also assert that their counsel should receive compensation commensurate with their efforts in this winding, multi-year case.

For their part, Petitioners argue that Respondents put forward no legal basis for attorney compensation beyond that compensation their counsel received already for appointed work. Petitioners assert that the Trial Court correctly denied Respondents attorney's fees because they were court-appointed attorneys under Tenn. Sup. Ct. Rule 13. According to Petitioners, there is no legal basis for awarding Respondents attorney's fees under Tenn. Code Ann. § 36-5-103(c). We agree with Petitioners.

Initially we observe that, while the original order in this case was a consent order, the case proceeded to become a parental rights termination case and it was at that time that the Trial Court appointed Respondents counsel pursuant to Tenn. Sup. Ct. Rule 13. Custody is an issue in one form or another in every termination of parental rights case. This does not mean that every termination of parental rights case also may accurately be characterized as a custody case under Tenn. Code Ann. § 36-5-103(c). Such an interpretation collapses the very real distinctions between attempts to terminate parental rights and more modifiable matters of care and control. We find, as did the Trial Court, that this case is correctly characterized as a termination of parental rights case and not a custody case. We also observe that this is a case where one is hard-pressed to identify a "prevailing" party. The dispute ended in a mediated agreement.

Moreover, our research of case law on Tenn. Code Ann. § 36-5-103(c) has yielded nothing that would support an award of attorney's fees in circumstances such as those of the instant case. A court may not award attorney's fees simply because counsel have worked hard and obtained a favorable result for their clients–as noted in the *Bryant* opinion referenced above, under Tennessee law there must be some specific legal basis for an award of attorney's fees.

In our view, a critical feature of this case is the nature of how Respondents' counsel came to represent Respondents. Counsel did not work pro bono with an expectation of seeking attorney's fees from the losing party if their clients prevailed. Rather, counsel were appointed to represent Respondents pursuant to Tenn. Sup. Ct. Rule 13. This appointment defined the boundaries of the lawyers' compensation as provided for by Rule 13. As discussed above, we are aware of no statutory or precedential basis for an award to Respondents of additional attorney's fees under Tenn. Code Ann. § 36-5-103(c) in this termination of parental rights case where appointed counsel already have been compensated

for their appointed work. We see no reason to depart from *Bryant*. We affirm the judgment of the Trial Court.[2]

The second and final issue we address is Petitioners' issue regarding whether this appeal is frivolous. "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). Exercising our discretion, we decline to hold this appeal frivolous.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, Ashlie T. and Jason T., and their surety, if any.

_____
D. MICHAEL SWINEY, JUDGE

---

[2]Petitioners make other arguments against an award of attorney's fees, but we need not address them to decide this case.