IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 27, 2017 Session

## ALAN C. CARTWRIGHT v. ALICE CARTWRIGHT GARNER ET AL.

Appeal from the Chancery Court for Shelby County
No. CH-14-0938-3   James R. Newsom III, Chancellor

———————————————————

No. W2016-01423-COA-R3-CV

———————————————————

Trust beneficiary filed suit against co-trustees and various business entities in tort for the alleged wrongful withholding of distributions. Defendants filed a motion to dismiss based on several grounds. The trial court dismissed trust beneficiary's complaint relying on each of the grounds asserted by the defendants. We affirm the dismissal of the complaint based on the statute of limitations. We also grant reasonable attorney's fees, costs, and expenses incurred by defendants on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Jerry E. Mitchell and Laura L. Deakins, Memphis, Tennessee, for the appellant, Alan C. Cartwright.

David Wade and Andrew Gardella, Memphis, Tennessee, for the appellees, Alan L. Garner, Alice Cartwright Garner, FSTW, LLC, Jackson Capital Management, LLC, and Jackson Capital Partners, Limited.

## OPINION

### I.

On June 12, 2014, Alan C. Cartwright filed a "Complaint for Breach of Fiduciary Duty" in the Chancery Court for Shelby County, Tennessee, against his sister, Alice Cartwright Garner, his brother-in-law, Alan L. Garner, and various other business

entities.[1] The complaint alleged, among other things, that Ms. Garner and Mr. Garner, the trustees of the trusts of which Mr. Cartwright is a beneficiary, had "withheld distributions of principal and/or interest income to or otherwise failed to facilitate payments due to [Mr.] Cartwright . . . to provide income to him for the years 2000 to the present."

The defendants moved to dismiss based upon the expiration of the statute of limitations, res judicata, and collateral estoppel. Defendants also sought an award of attorney's fees, costs, and expenses. Several filings followed.

One of those filings, filed one day before the hearing on the defendants' motion to dismiss, was "Plaintiff's Amendment to Complaint." According to the amendment, the original complaint "include[d] claims for annual torts against" Mr. Cartwright "for which Defendants were originally sued in 2007" and also "include[d] claims for torts committed by Defendants in the years subsequent to 2007 which were not a part of the 2007 Complaint when it was non-suited in 2011."

Following a two-day hearing,[2] the chancery court entered an order granting the defendants' motion to dismiss. The court concluded that the suit was barred by the applicable statute of limitations, res judicata, and collateral estoppel. Mr. Cartwright filed a motion to alter or amend, seeking clarification as to whether the court considered his amendment to the complaint and which statute of limitation the court applied. The court denied Mr. Cartwright's motion to alter or amend, ruling that the dismissal order "was not in error and should stand." The court certified the order as final under Rule 54.02 of the Tennessee Rules of Civil Procedure and found that there was no just reason for delay.[3]

## II.

### A.

A statute of limitations defense is appropriately addressed in a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim

---

[1] Mr. Cartwright has sued his sister and brother-in-law several times over issues surrounding the trusts. *See Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014); *Cartwright v. Jackson Capital Partners, Ltd. P'ship*, 478 S.W.3d 596 (Tenn. Ct. App. 2015); *Cartwright v. Jackson Capital*, No. W2011-00570-COA-R3-CV, 2012 WL 1997803 (Tenn. Ct. App. June 5, 2012).

[2] The parties also presented arguments on a related case, *Cartwright v. Garner*, Case No. W2016-01424-COA-R3-CV.

[3] The chancery court withheld a ruling on the defendants' motion for sanctions under Rule 11 of the Tennessee Rules of Civil Procedure pending the outcome of this appeal.

upon which relief can be granted. *See Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003). A Rule 12.02(6) motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Thus, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.*

We "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). The complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination presents a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

Mr. Cartwright's claims of a breach of fiduciary duty sound in tort. *See Mike v. Po Grp., Inc.*, 937 S.W.2d 790, 795 (Tenn. 1996). The parties agree that the statute of limitations for claims based in tort is three years "from the accruing of the cause of action." Tenn. Code Ann. § 28-3-105 (2017). "A cause of action *accrues* 'when the plaintiff knew or reasonably should have known that a cause of action existed.'" *Ralston v. Hobbs*, 306 S.W.3d 213, 223 (Tenn. Ct. App. 2009) (quoting *Hanna v. Sheflin*, 275 S.W.3d 423, 427 (Tenn. Ct. App. 2008)). A cause of action in tort exists when "two elements . . . coalesce: (1) a breach of some legally recognized duty owed by the defendant to the plaintiff and (2) some legally cognizable damage caused to the plaintiff by the breach of duty." *Potts v. Celotex Corp.*, 796 S.W.2d 678, 681 (Tenn. 1990).

Here, the complaint alleged that the defendants breached a legal duty to Mr. Cartwright and that he suffered damages as a result. As to when these events occurred, the complaint made the following factual assertions:

> 27. Defendant Alice Cartwright Garner and Defendant Alan L. Garner have withheld distributions of principal and/or interest income to or otherwise failed to facilitate payments due to Plaintiff Alan C. Cartwright from the assets of [Jackson Capital Partners LP] to provide income to him for the years 2000 to the present.
>
> . . . .
>
> 37. On January 28, 2011, Plaintiff nonsuited the <u>tort claims</u>, which were first raised within Plaintiff's 2007 Circuit Court Complaint. Those

claims . . . are now detailed herein against these Defendants, pursuant to the ongoing conspiracy.

. . . .

78. Defendant Alice Cartwright Garner and Defendant Alan L. Garner, individually and in conspiracy have withheld rightful distributions to Plaintiff Alan C. Cartwright on an ongoing basis since 1995, in breach of Defendants' statutory fiduciary duties.

Accepting the factual allegations in Mr. Cartwright's complaint as true, the defendants withheld distributions due to him as early as 1995.  When he did not receive the distributions owed to him in 1995, Mr. Cartwright knew or reasonably should have known that a cause of action existed.  Mr. Cartwright demonstrably knew a cause of action existed when he first filed a complaint sounding in tort against the defendants in 2007.  Thus, his cause of action accrued in 2007 at the latest.

Because the instant complaint was filed on June 12, 2014, at least seven years after the accrual of the cause of action, we affirm the dismissal of the complaint as untimely. The content of "Plaintiff's Amendment to Complaint" does not alter this outcome. According to the amendment, Mr. Cartwright's suit "includes claims for annual torts . . . originally sued in 2007" and seeks recovery for "annual wrongs committed . . . up to January of 2015."  But these statements are legal arguments, not factual allegations.  So we are not required to accept these assertions as true.  *See Webb*, 346 S.W.3d at 427 ("[C]ourts are not required to accept as true assertions that are merely legal arguments or 'legal conclusions' couched as facts.").

Based on our conclusion that the statute of limitations barred Mr. Cartwright's tort claims against the defendants, we need not address whether the suit was also barred by res judicata and collateral estoppel.

B.

The defendants ask this Court for an award of attorney's fees, costs, and expenses incurred on appeal under the statute for frivolous appeals or the statute for cases involving trust administration.  *See* Tenn. Code Ann. § 27-1-122 (2017) (allowing a court to award "just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of" a frivolous appeal); Tenn. Code Ann. § 35-15-1004(a) (2015) (allowing a court to "award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy" in a "judicial proceeding involving" trust administration).  The determination of whether a party is entitled to such an award on appeal is within the sound discretion of this Court.  *See In re*

4

*Estate of Goza*, No. W2013-00678-COA-R3-CV, 2014 WL 7235166, at *6 (Tenn. Ct. App. Dec. 19, 2014) (award under Tennessee Code Annotated § 35-15-1004(a)); *In re Nathaniel C.T.*, 447 S.W.3d 244, 248 (Tenn. Ct. App. 2014) (award under Tennessee Code Annotated § 27-1-122).

Here, we exercise our discretion under Tennessee Code Annotated § 35-15-1004(a) to award the defendants reasonable attorney's fees, costs, and expenses incurred on appeal. The fees, costs, and expenses are to be paid by Mr. Cartwright personally.

## III.

Based on the foregoing, we affirm the dismissal of Mr. Cartwright's complaint. This case is remanded to the chancery court for a determination of a reasonable award under Tennessee Code Annotated § 35-15-1004(a) and for any further proceedings as are necessary and consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE