CaRütheRS, J.,
delivered the opinion of the Court.
The defendant, Senaker, resisted an order of the County Court of Sullivan, laying off and establishing a public road over and upon his land, and appealed to the Circuit Court, after having become a party on the record. It then became a contest between the public and a citizen, whether *117 the private property of tbe latter should be appropriated to the use of the former. The defendant prevailed, and a question was raised upon the taxation of the costs. His Honor, the Circuit Judge, refused to give judgment against the county, except for “her own costs.” Erom this, the defendant appealed in error to this Court.
The only question is — and it is one of practical importance — whether, in such cases, the county, in case of failure, should be liable for all the costs that may have accrued. It is neither a criminal case nor a misdemeanor, and consequently the statutes cited on the subject of costs in those cases do not apply. It is in the nature of a civil suit for the use and possession of land, in which, by the act of 1794, ch. 1, § 74, the costs should follow the result of the suit. These controversies about roads are frequently very protracted and expensive. They are often most unjust and oppressive to individuals, and not unfrequently spring out of the private and conflicting interests and feelings of neighbors, with but little reference to the public good. It is but reasonable and proper, then, that when the county enters into these contests, and fails to establish the fact that the public interest requires that individual property should be thus taken for the public use, it should pay all costs, and the citizen be saved from the expenses necessarily incurred in the protection of his property.
Judgment will therefore be now given against the county for the whole costs.