# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 18, 2011 Session

# FRANK BARRETT AND JODI LYNN CHEATHAM v. TOWN OF NOLENSVILLE

### Appeal from the Circuit Court for Williamson County
### No. 04510    Robbie T. Beal, Judge

### No. M2010-01173-COA-R3-CV - Filed March 10, 2011

Parties who pled guilty to violation of a Nolensville ordinance argued that the costs assessed in their cases violated Article VI, Section 14 of the Tennessee Constitution. The Nolensville municipal court found against the parties. On appeal, the circuit court also found against the parties. On further appeal, we affirm the lower courts' decisions against one party and affirm in part and reverse in part the lower courts' decisions against the other party.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

John Edward Herbison, Nashville, Tennessee, for the appellants, Frank Barrett and Jodi Lynn Cheatham.

Robert John Notestine, III, Nashville, Tennessee, for the appellee, Town of Nolensville.

### OPINION

Frank Barrett and Jodi Lynn Cheatham were charged with violating the speed limit in the town of Nolensville. Ms. Cheatham tendered payment of the fifty-dollar fine, seeking to avoid an assessment of court costs. She was informed, however, that:

> any assessment of a fine, costs and litigation taxed must be dealt with on [the scheduled municipal court] date by the Court in open session, unless you are truly waiving an appearance in open court by paying the maximum $50.00 fine and the costs as specified in [municipal code] Section 3-302.

The municipal court assessed a $50.00 fine and court costs of $75.00 against Ms. Cheatham.

Mr. Barrett's counsel admitted the violation in court. Mr. Barrett did not tender the payment of a fine in advance of the hearing. At the hearing in the municipal court, he was also assessed a $50.00 fine and court costs of $75.00.

Both Ms. Cheatham and Mr. Barrett sought review of the municipal court's assessment of costs by petitions for writs of certiorari, claiming that the assessment of costs was a violation of Article VI, Section 14 of the Tennessee Constitution. The Williamson County Circuit Court said that no violation occurred. Both Ms. Cheatham and Mr. Barrett appealed to this court.

STANDARD OF REVIEW

The scope of review with respect to a common law writ of certiorari is limited. *Watts v. Civil Serv. Bd.,* 606 S.W.2d 274, 276 (Tenn. 1980); *Leonard Plating Co. v. Metro. Gov't of Nashville & Davidson County*, 213 S.W.3d 898, 903 (Tenn. Ct. App. 2006). A reviewing court may grant relief only when the board or agency has exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *McCallen v. City of Memphis,* 786 S.W.2d 633, 638 (Tenn. 1990). Ms. Cheatham and Mr. Barrett argue that Nolensville acted illegally by violating Article VI, Section 14 of the Tennessee Constitution.

ANALYSIS

Authority of the Town of Nolensville

The Town of Nolensville operates under the mayor-aldermanic charter of Tenn. Code Ann. § 6-1-101 *et seq*. Tenn. Code Ann., Vol. 13, 1324 (Chart of Municipal Incorporation, County, Charter and Population). The town can enforce any ordinance by fines, forfeitures and penalties. Tenn. Code Ann. § 6-2-201(28)(A). It can also provide by ordinance for court costs. Tenn. Code Ann. § 6-2-201(28)(B). The municipal court is established by Tenn. Code Ann. § 6-4-301(a). At the time the citations were issued to Ms. Cheatham and Mr. Barrett, the municipal ordinance governing costs stated:

> All fines, penalties and costs shall be imposed and recorded by the municipal court clerk on the municipal court docket in open court. In all cases heard or determined by the municipal judge, the judge shall tax in the bill of costs court costs in the amount of $75.00 per case, plus any litigation taxes authorized by the law of the State of Tennessee.

Nolensville Ordinance No. 01-07 (2002).

<u>Fines and Costs</u>

Article VI, Section 14 of the Tennessee Constitution states that:

> [n]o fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars.

A "fine" is "a payment to a sovereign as punishment for some offense." *City of Chattanooga v. Davis*, 54 S.W.3d 248, 259 (Tenn. 2001) (quoting *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal*, 492 U.S. 257, 265 (1989)). "Article VI, section 14 applies to proceedings involving the violation of a municipal ordinance when the monetary sanction serves punitive goals." *Id*. at 262. It does not apply, however, when a monetary assessment of greater than fifty dollars "is not punitive in nature." *Id*. at 259.

Costs include the fees charged by the court clerk and other discretionary expenses. Tenn. R. Civ. P. 54.04. Roman Emperor Justinian established the rule that a victorious party should be reimbursed by the loser for expenses.[1] Comment, *Distribution of Legal Expense Among Litigants*, 49 YALE L.J. 699, 704 (1940) (citing Code of Justinian: C. 3. I. 13.6). In English law, this rule was adopted for successful plaintiffs in the 1275 Statute of Gloucester, 6 Edw. I, c. 1. *Id*. at 700. "In 1607 defendants were allowed to recover costs in all actions in which the plaintiff was entitled to costs." *Id*. at 700 n.15 (citing 4 James I, c. 3).[2] Thus, "the rule became established in England long before the American Revolution that, except in some cases where the plaintiff recovers only trivial damages, the party who wins a lawsuit is entitled to recover from the losing adversary the 'costs' of the litigation." G. Robert Blakey, *Of Characterization and Other Matters: Thoughts About Multiple Damages*, 60 LAW & CONTEMP. PROB. 97, 105 n.45 (1997). The English rule included fees for solicitors and counsel as costs. Comment, 49 YALE L.J. at 700. This aspect of the rule of costs was not retained by the newly independent states, apparently because there was a "post-Revolution

---

[1] Sir William Blackstone cites the civil law maxim "victus victori in expensis condemnandus est" ("He who loses the suit pays the costs thereof to the successful party."). 3 William Blackstone, COMMENTARIES *399 n.54 (William Draper Lewis ed. 1900).

[2] Blackstone suggests a prevailing defendant's recovery of costs in the same fashion as a prevailing plaintiff was not fully accomplished until the reign of Queen Anne 100 years later. 3 Blackstone, *supra* *400. *See also* G. Robert Blakey, *Of Characterization and Other Matters: Thoughts About Multiple Damages*, 60 LAW & CONTEMP. PROBS. 97, 105 n.45 (1997) ("A series of statutes, beginning in the reign of Henry VIII and ending in that of Anne, extended finally the same advantage to successful defendants."). In any event, the principle came to English law slowly. 2 Frederick Pollock & Frederic W. Maitland, THE HISTORY OF ENGLISH LAW 597 (2nd ed. 1899).

antipathy to lawyers." *Id*. at 701. In Tennessee, attorneys fees are not part of costs. *Marshall v. Sevier County*, 639 S.W.2d 440, 443 (Tenn. Ct. App. 1982).

At least as early as 1794, the Legislature of the Southwest Territory determined that "costs should follow the result of the suit." *Senaker v. Justices of Sullivan County*, 36 Tenn. 116, 117 (1856). "In all actions the party in whose favor judgment shall be given, or in case of a non-suit, dismission or discontinuance, the defendant, shall be entitled to full costs, unless where it is or may be otherwise directed by law." 1794 Acts, Ch. 1, § 74. This rule is carried forward in Tennessee statutory law to this day with a modification that allows a court of record to depart from the general rule as the equities of the case require. *See* Tenn. Code Ann. §§ 20-12-101, 119.

Costs are statutory. *Mooneys v. State*, 10 Tenn. 578, 578 (1831). Tennessee statutes establish various costs that may be assessed by the courts. *See* Tenn. Code Ann. §§ 8-21-401, 501.[3] As previously noted, Tennessee law allows Nolensville to establish the court costs for its municipal court. Tenn. Code Ann. § 6-2-201(28)(B).

"The law of costs shall be construed remedially and not as the penal law." Tenn. Code Ann. § 20-12-142.[4] Yet, the Tennessee Supreme Court and common sense dictate that the labels used on particular assessments cannot fully govern our analysis. "[W]hen analyzing issues touching upon the protections of Article VI, section 14, we will favor the substance of the sanction over its form, and we will not permit the language used to describe the particular sanction to govern the constitutional analysis." *Davis*, 54 S.W.3d at 261.

In *Davis*, the City of Chattanooga attempted to justify a city court fine of $300 by arguing that it was a valid assessment of administrative expenses. *Id*. at 274. The Supreme Court rejected the city's argument, stating that "any assessment that imposes costs for something for which the defendant is not personally responsible will be subject to constitutional limitations." *Id*. The court outlined the following requirement as to costs:

> [I]f the City of Chattanooga desires to recover its reasonable administrative expenses incurred in enforcing its municipal ordinances, it will be required to provide a detailed statement of these expenses to the defendant as they were incurred in the *individual* case. A detailed and individualized statement of administrative costs will serve to assure the individual that he or she is not being assessed for the costs of enforcing offenses for which others are responsible, and it will enhance appellate review of these expenses to ensure

---

[3]Also, Tenn. R. Civ. P. 54.04(1) addresses clerk costs and (2) addresses discretionary costs.

[4]This has been the law in Tennessee since at least 1801. *See* 1801 Tenn. Pub. Acts, Ch. 6, § 65.

that municipal courts do not assess punitive sanctions under the guise of recovering "administrative expenses."

*Id*. at 274-75.

The Nolensville ordinance requires assessment in open court of $75 in costs in every case.[5]   The record indicates that the costs are broken down as follows:

1.  Clerk (includes fee of filing and processing) ......................$33.50
2.  Police Officer.................................................................$26.50
3.  Data Processing fee.............................................................$2.00
4.  Citation Issuance fee............................................................$5.00
5.  Fee for entering costs on record.............................................$3.00
6.  Fee for entering judgment of the court...................................$3.00
7.  Fee for submitting results in motor vehicle violations...........$3.00
        Total...............................................................................$75.00

### The cases of Cheatham and Barrett

Ms. Cheatham and Mr. Barrett maintain that the $75.00 costs are punitive because the assessment is "automatic . . . irrespective of the actual costs incurred" and, therefore, in violation of the Supreme Court's instructions in *Davis*.[6]

In light of the lengthy dialogue about these costs between the court and both counsel during oral argument, we are of the opinion that these costs are assessed together by ordinance because they are present in every city court contested case.  The problem is Ms. Cheatham and Mr. Barrett did not contest their guilt.  Therefore, we must examine these costs in light of each defendant's individual actions.

Ms. Cheatham admitted her violation and tendered the fine in advance of the scheduled hearing date.  The town knew this, so it was not necessary for the police officer who issued the citation to appear at her hearing to testify.  The $26.50 assessment for the police officer was not necessary and did not need to be incurred in Ms. Cheatham's

---

[5]Nolensville Ordinance No. 01-07 requires that "the judge shall tax in the bill of costs court costs in the amount of $75.00 per case."

[6]Appellate counsel also made allusions to an argument that the costs do not reflect the actual costs to the court.  This argument is not presented as an issue by the appellants' brief and is not being considered by this court.  We note, however, that no court cost established by the Tennessee law or municipal ordinance will reflect the exact cost of any particular service.

individual case. The remaining items of court costs would be incurred in any case irrespective of whether or not the case was contested. Therefore, they were proper to assess.

Mr. Barrett also admitted his violation, but nothing in the record indicates that he did so before the hearing. At the hearing, his attorney stipulated to the violation. Since Mr. Barrett did not admit guilt beforehand, the town had no choice but to have the police officer who issued Mr. Barrett's citation appear. The fact that he ultimately did not have to testify is irrelevant because Mr. Barrett's actions required the officer's presence in the event his testimony was needed. As we have already noted, the remaining items of court costs would occur in any case irrespective of whether or not the case was contested.

CONCLUSION

We affirm the assessment of $75.00 in court costs against Mr. Barrett. We affirm the assessment of court costs against Ms. Cheatham, except for the police officer fee of $26.50. The portion of the costs assessment against Ms. Cheatham related to the police officer fee is reversed.

One half of the costs of appeal are assessed against Mr. Barrett and the other half of the costs of appeal are assessed against the Town of Nolensville.

_____
ANDY D. BENNETT, JUDGE